IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY HALLFORD,

      Plaintiff,                    No. CIV S-09-2184 EFB P

      vs.

SUPERIOR COURT OF SACRAMENTO COUNTY,

      Defendant.               ORDER

         Plaintiff is a state prisoner proceeding without counsel in a civil action that he has captioned as a "motion for federal judicial intervention" in his state civil action.[1] Dckt. No. 1. His "motion" asserts that he has some form of state tort claim pending in state court. *Id.* at 1. He asks that this court order the Sacramento Superior Court to "act with professionalism and due diligence in all matters brought . . . by pro per litigants," ensure that "any member of the Superior Court staff [who acts] outside of the norms of professionalism . . . be disciplined by whatever regulatory agency has appropriate authority," assess civil and criminal penalties against "those found in breach of their judicial ethics," and "proceed with all Federal Court Orders forthwith." *Id.* at 5.

---

[1] This case is before the undersigned pursuant to plaintiff's consent and 28 U.S.C. § 636(c).

1

1  Plaintiff has also filed a motion "for official reprimand of defendant's court clerk." Dckt.
2 No. 4. This motion appears to stem from an incident where the Sacramento County Superior
3 court clerk returned a document to plaintiff for the stated reason that "[t]he document submitted
4 is addressed to the United States Eastern District Court." *Id*. at 5. Plaintiff writes that "[t]his is
5 not a complex document and anyone with at least a Third Grade Education can understand that
6 plaintiff is providing the defendant a complimentary copy for their records." *Id.* at 1. He
7 therefore asks that the court "issue a stern reprimand" to the clerk of the Superior Court. *Id.* at 2.

8  This court lacks jurisdiction to consider plaintiff's requests. A federal district court does
9 not have the power to issue writs of mandamus to state courts. *Demos v. U.S. District Court*, 925
10 F.2d 1160, 1161-62 (9th Cir. 1991). Neither would construing plaintiff's motion as an appeal of
11 an erroneous state court judgment give this court jurisdiction over plaintiff's request. Federal
12 district courts do not have jurisdiction to review challenges to state court judgments for legal
13 errors. Rather, "[r]eview of those decisions may be had only in the [U.S. Supreme] Court."
14 *Dist. of Columbia Court of Appeals v. Feldman*, 460 U .S. 462 (1983); *Rooker v. Fidelity Trust*
15 *Co.*, 263 U.S. 413, 415 (1923). *See also Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (a
16 federal plaintiff who seeks relief from a state court judgment based on allegedly erroneous
17 decision is barred by the *Rooker-Feldman* doctrine because the federal court lacks subject matter
18 jurisdiction). Plaintiff's motions are therefore denied and this action must be dismissed for lack
19 of subject matter jurisdiction.

20  Accordingly, it is ORDERED that:

21  1. Plaintiff's August 7, 2009 motion for federal judicial intervention is denied.

22  2. Plaintiff's September 21, 2009 motion for official reprimand of defendant court clerks
23 is denied.

24 ////
25 ////
26 ////

3. This case is dismissed for lack of subject matter jurisdiction.

Dated: February 8, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE